# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ELIZABETH ADKINSON,                     Case No. 1:10-cv-85

      Plaintiff,                          Judge Timothy S. Black

vs.

THE PROCTER & GAMBLE COMPANY,

      Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO
## COMPEL DEFENDANT TO PAY EXPERT FEES (Doc. 38)

This case is currently before the Court on Plaintiff's Motion to Compel Defendant

to Pay Expert Fees (Doc. 38) and the parties' responsive memoranda (Doc. 42, Doc. 44).

## I.   BACKGROUND

Plaintiff Elizabeth Adkinson is a former employee of Defendant Procter &

Gamble. (Doc. 1 at ¶ 22). In February 2010, Plaintiff brought suit against Defendant

alleging claims for interference with Plaintiff's Family and Medical Leave Act (FMLA)

rights, FMLA retaliation, gender discrimination, and retaliation for gender discrimination

complaints. (*Id.* at ¶ 73-99).

On June 20, 2011, the Court held an informal discovery dispute conference after a

disagreement arose between the parties regarding the payment of fees to Plaintiff's

expert. (Doc. 38 at 3). During this conference, Plaintiff expressed concern regarding

Defendant's failure to pay her expert witness fees. (*Id.*). Specifically, Plaintiff alleged

that Defendant had failed to pay Plaintiff's expert, Craig Pratt, for his deposition time. (*Id.*). In response, the Court requested that the party conducting the expert deposition pay the expert fees for the time spend in deposition. (*Id.*). On June 30, Plaintiff's counsel sent defense counsel a bill requesting payment of $581.25 for the 7.75 hours of Pratt's time spent in deposition on May 9, 2011. (*Id.*). As of the date of Plaintiff's motion, Pratt had not been paid. (*Id.*).

A second dispute subsequently arose with regard to Dr. Jamal A. Abu-Rashed's expert testimony and reports. Prior to his deposition, Plaintiff provided Defendant with a copy of Dr. Rashed's fee structure and explained that he expected to be paid in accordance with its terms. (Doc. 38 at 3; Ex. I). Rashed's fee structure states that he charges a flat fee of $1,250.00 for deposition testimony, with an additional $150.00 per hour if the deposition runs over three hours. (*Id.* at 3; Ex. H). On July 25, 2011, Plaintiff sent Defendant an invoice for $1,400.00 for Rashed's charges for the four-hour deposition. (*Id.* at 4). Defendant disputed Rashed's fee structure, stating that Defendant had only agreed to pay the hourly rate of $150 .00 per hour and would not pay the $1,250.00 base fee. (*Id.*, Ex J.). Defendant issued payment for $690.00[1] on that same day, but as of the date of Plaintiff's motion, Defendant had refused to pay the balance of the invoice. (*Id.* at 4).

---

[1] Rashed's deposition lasted for four hours and nine minutes. Rashed sought payment for four hours, at a rate of $1,250.00 for the first three hours, plus $150.00 for the last hour. Defendant submitted payment for 4.25 hours at an hourly rate of $150.00 per hour, which amounts to $690.00. (Doc. 38, Ex. J).

The parties are also in dispute as to whether Defendant is obligated to pay for time Rashed spent gathering documentation and reports in response to Defendant's subpoena. During discovery, Defendant sought copies of the reports, analyses, and other documentation used by Pratt and Rashed in other cases. (Doc. 38 at 4). Plaintiff objected, claiming that the material was not discoverable, and the Court attempted to resolve the dispute by requesting that Defendant limit its subpoena to files directly related to the expert opinions in this case. (*Id.*). The Court requested that Defendant share the cost burden in obtaining those files. (*Id.*).

Defendant subsequently requested that Rashed produce reports from three other "termination" cases and nine personal injury cases that met criteria produced by defense counsel. (Doc. 38 at 4). Plaintiff again objected that not all of the reports were relevant, but acquiesced and Rashed produced the remaining reports. (*Id.* at 5). On August 12, 2011, Plaintiff provided Defendant with an invoice for the time Rashed spent researching, reviewing, and converting his reports for production, seeking payment of $2,100.00 for 14 hours of work at a rate of $150.00 per hour. (*Id.*). On August 15, 2011, Defendant notified Plaintiff that it would contest Plaintiff's request for payment of Rashed's fees for time spent researching, reviewing, and converting the files from his old computer. (*Id.*).

On August 23, 2011, Plaintiff filed a Motion to Compel Defendant to Pay Expert Fees (Doc. 38), seeking payment of Pratt's fee, Rashed's deposition fee, and Rashed's fee for researching and producing the reports. (Doc. 36 at 5). Defendant timely filed a response in opposition (Doc. 42) and Plaintiff filed a timely reply (Doc. 44).

## II.    STANDARD OF REVIEW

Under Rule 26 of the Federal Rules of Civil Procedure, a party seeking discovery from the opposing party's expert must pay the expert's fees "unless manifest injustice would result." Fed. R. Civ. P. 26(b)(4)(C). The obligations of Rule 26 include time spent by the expert responding to requests and producing material. *See Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D.329, 331-32 (D.Del. 2003) (finding that, because the discovery requests constituted a hunt for discoverable material under Rule 26, the expert's efforts in producing the material were subject to Rule 26(b)(4)(C)); *Keeton v. Wal-Mart Stores, Inc.*, 21 F. Supp. 2d 653, 662 n.16 (E.D. Tex 1998) ("Federal Rule 26(b)(4)(C) authorizes reimbursement for expert expenses incurred in providing discovery responses").

The reasonableness of the expert's fee falls within the discretion of the Court. *Bonar v. Romano*, 2010 WL 4280691 at *2 (S.D. Ohio Oct. 25, 2010).

## III.    ANALYSIS

Plaintiff seeks an order to compel Defendant to pay $581.25 in fees owed to Pratt for his deposition, $710.00 in outstanding fees for Rashed's deposition, and $2,100.00 for Rashed's time spent responding to discovery requests. (Doc. 38 at 1). Plaintiff also seeks attorneys' fees and costs associated with the filing of her motion to compel. (*Id*. at 2).

Prior to filing its response in opposition to Plaintiff's motion, Defendant paid Pratt $581.25 and Rashed the outstanding $710.00 billed for his deposition costs. (Doc. 42 at 1). Plaintiff's motion with regard to those requests is denied as moot, and the Court will

-4-

consider only Plaintiff's motion to compel fees associated with Rashed's production costs and attorneys' fees.

### A.     Rashed's Production Costs

Defendant asserts that "manifest injustice" would result if it were required to pay for Rashed's production fees.  (Doc. 42 at 4 (citing Fed. R. Civ. P. 26(b)(4)(E)). Defendant argues that it should not have to pay for Rashed's production costs because the bill was ambiguous, the cost should have been covered by Rashed's deposition fee, Defendant did not seek payment for Plaintiff's deposition of Defendant's expert, and the costs could have been reduced through the use of a paralegal.  (Doc. 42 at 3-4). Defendant's arguments are unavailing.

Defendant first asserts that Rashed's invoice failed to provide sufficient detail for either Defendant or the Court to determine if he seeks a reasonable fee.  (Doc. 42 at 3). However, Defendant never requested a detailed bill from Rashed.  (Doc 44 at 2; *see also* Doc. 38, Ex. N).  Further, Rashed testified that he would have to retrieve files from his old computer's hard drive and sort through old paper files to search for files responsive to Defendant's broad request for any reports in a time period spanning more than ten years where Rashed had used "inflation and discount rates."  (Doc. 44 at Ex. M, Ex. P). Defendant could have reduced Rashed's fee by simply narrowing its discovery requests. *See Tara Woods Ltd. P'ship v. Fannie Mae*, No. 09-cv-832, 2010 WL 2861123 at *1, n.2 (D. Colo. July 20, 2010) ("The Court notes that, like deposition testimony, the lawyer

seeking documents from the expert has an ability to control the number and scope of document requests and thereby limit the expert fees incurred as a result of the request."). Rashed's description of the neccessary work, coupled with the broad nature of Defendant's request, provides the Court with sufficient evidence to find that Rashed reasonably spent 14 hours of time responding to the subpoena.

Defendant also claims that the fee for Rashed's deposition was paid "supposedly to cover his time on document review and in preparation for his deposition." (Doc. 42 at 3). Because Rashed received both the subpoena for the deposition and the subpoena for document production before his deposition, P&G argues that he should have reviewed the documents prior to the deposition and is now trying to double bill. (*Id*. at 4). However, Plaintiff's counsel informed Defendant in an email dated June 17, 2011 that Rashed would not be able to review all of his prior expert reports prior to his deposition. (Doc. 38, Ex. G). Further, at his deposition, held on June 27, 2011, Rashed testified that he had not reviewed the materials sought by P&G and would have to retrieve them from his old computer. (Doc. 44 at 2; *id*. at Ex. P). Nevertheless, Defendant continued to request additional information, informing Plaintiff's counsel on August 9, 2011 that Rashed would need to produce all reports requested. The record demonstrates that Defendant was repeatedly notified that Rashed would need to perform additional work to obtain the discovery Defendant sought. Defendant cannot now claim that it presumed that he had already done the work and that it was therefore encompassed in his earlier fee.

-6-

Defendant next contends that the cost is unreasonable because P&G did not seek reimbursement from Plaintiff for the deposition of its experts and because P&G offered to have one of defense counsel's paralegals review Rashed's files to reduce discovery costs. (Doc. 42 at 4). Plaintiff cites no authority for this proposition. Rule 26 requires the party seeking discovery to pay the expert's fee; it makes no mention of any limitation requiring payment only if the opposing party has done the same. *See* Fed. R. Civ. P. 26(b)(4)(C).

Finally, Defendant suggests that Plaintiff could have limited costs by using one of defense counsel's paralegals to review the requested discovery. (Doc. 42 at 4). This suggestion simply ignores Rashed's concerns, which were repeatedly stated to defense counsel, about the confidentiality requirements of his earlier reports. (See Doc. 38, Ex. L).

In sum, Rule 26 clearly requires Defendant to pay Rashed a reasonable fee for time spent responding to discovery. Fed. R. Civ. P. 26(b)(4)(C). The Court finds sufficient evidence to conclude that Rashed's request of payment for 14 hours of time spent responding to Defendant's subpoena is reasonable. Accordingly, Defendant is ordered to submit payment to Rashed for $2,100 in compensation for the 14 hours of time spent retrieving, converting, and producing the requested discovery.

### B. Plaintiff is Entitled to Reasonable Attorneys' Fees and Costs

Plaintiff also seeks attorneys' fees associated with the Motion to Compel. (Doc. 38 at 7). Rule 37 of the Federal Rules of Civil Procedure requires the party whose

-7-

conduct necessitated a successful motion to compel to pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). In response, Defendant states that Pratt and Rashed have been paid, and asks that the motion to award fees be denied. (Doc. 42 at 1, 4). However, Rule 37 requires the Court to award fees if the motion is granted or if "the requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5). As Plaintiff correctly notes, Defendant cannot avoid the burden of paying Plaintiff's attorneys fees and costs simply by providing the payment requested after Plaintiff was required to file a motion to compel. (Doc. 44 at 1, n. 1).

Plaintiff's failure to abide by the rules of Court regarding basic discovery and comply with the Court's directives issued during the informal discovery conference have caused Plaintiff and the Court to expend unnecessary time and expense relating to the motion to compel. Accordingly, an award of Plaintiff's reasonable expenses, including attorneys' fees, is justified.

## IV. CONCLUSION

For the reasons stated herein:

(1)    Plaintiff's Motion to Compel Defendant to Pay Expert Fees (Doc. 38) is **GRANTED**.

(2)    Defendant shall remit payment to Dr. Jamal A. Abu-Rashed for $2,100.00 forthwith.

(3)     Within **15 days of this ORDER**, Plaintiff shall evidence by affidavit and

exhibits its fees and costs incurred in pursuing the motion to compel.

**IT IS SO ORDERED.**

Date: _10/21/11_

_Timothy S. Black_
Timothy S. Black
United States District Judge